UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEITH I. STEVENS,

                Plaintiff,

vs.                              Case No. 2:04-cv-546-FtM-29SPC

DON HUNTER, HONORABLE JUDGE J.D. MILLER, CAPTAIN FREEMAN, LT. MCGOWAN, and STEPHEN B. RUSSELL,

                Defendants.
_____/

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

    This matter comes before the Court upon periodic review of the file. Plaintiff, formerly a detainee at the Collier County Stockade,[1] proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. §1983 on November 4, 2004 (Doc. #1). Plaintiff paid the $150 filing fee in this action. Plaintiff names Don Hunter, Sheriff of Collier County, The Honorable Judge J.D. Miller, Captain Freeman, Lt. McGowan and Stephen B. Russell, State Attorney for the Twentieth Judicial Circuit, as Defendants in this action. The Court, after its initial review of the Complaint, determined that the Complaint failed to state a claim upon which relief could be granted. Consequently, on June 16, 2005, the Court entered an Order directing Plaintiff within twenty (20) days to show cause why his case should not be dismissed for failure to

---

[1] According to Collier County Jail, Department of Records, Plaintiff was detained at the Immokalee Stockade from July 1, 2004 until his release on October 13, 2004 as "time served."

state a claim, or alternatively directed Plaintiff to file an amended complaint to cure the defects identified by the Court, if appropriate ("Show Cause Order" Doc. #12).  As of the date of this Order, Plaintiff has failed to respond to the Show Cause Order or file an amended complaint.

## I.

The allegations in the Complaint concern Plaintiff's underlying criminal case in which Plaintiff was indicted on uttering a forged instrument[2].  Plaintiff alleges a litany of alleged improprieties concerning his underlying criminal action, including, <u>inter</u> <u>alia</u> : false imprisonment; denial of effective assistance of counsel; insufficient evidence; withholding evidence; and right to speedy hearing. Complaint, pp.8-9.  Plaintiff also generally alleges that he was the subject of "discrimination" although Plaintiff does not state on basis he was subject to discrimination.  <u>Id</u>.

Additionally, Plaintiff also nebulously states conditions of confinement claims, including that: he was physically and mentally abused; his mail was tampered with; and, he was "assaulted by [a] Deputy."  Other than alleging that the assault was by Deputy Mendes, who is not a Defendant in this action, Plaintiff does not

---

[2]<u>See</u>  www.clerk.collier.fl.us/clerkspublicac,  criminal  records,  File #041938CFA.

provide any factual support in his Complaint with respect to any of these conditions claims.[3]

As relief, Plaintiff seeks: 1) clemency; 2) his right to vote restored; 3) reimbursement for lost wages; 4) costs for mental health care; 5) costs for lost child support payments; 6) reimbursement for personal effects; 7) costs of family mental health care; and 8) punitive damages. Complaint, Section VIII, page 10.

**II.**

A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004), citing Leatherman v. Tarrant County, 507 U.S. 163

---

[3] Plaintiff attaches to his Complaint handwritten "Statement of Facts" for each named Defendant. These Statement of Facts essentially reiterate, in conclusory fashion, a litany of improprieties.

(1993). The heightened pleading standard is not otherwise applicable. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n. 1 (11th Cir. 1994). Liberally construing Plaintiff's Complaint, it appears that the

thrust of Plaintiff's Complaint is twofold: 1) that the unlawful acts of Defendants resulted in Plaintiff's unconstitutional imprisonment and conviction; and 2) certain of Plaintiff's constitutional rights were violated bu correctional officers while he was detained.

**III.**

**A.**

Assuming for purposes of review of the Complaint that Plaintiff could prove that any of the Defendants committed any of the alleged improprieties that resulted in Plaintiff's unconstitutional imprisonment and conviction, the Complaint must nonetheless be dismissed for failure to state a claim. A claim challenging unlawful conduct leading to an unconstitutional conviction cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would,

> the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis original). See also Koger v. Florida, 2005 WL 1027204, (11th Cir. May 3, 2005).

In the instant case, Plaintiff pled no contest to the charges on October 13, 2004, was adjudicated guilty, and sentenced to 18 months probation in connection with his underlying criminal action. Furthermore, Plaintiff's post-conviction motion was denied by the trial court on April 15, 2005. Therefore, Plaintiff §1983 cause of action relating to his underlying criminal case is premature at this time.

Moreover, Plaintiff's claims against The Honorable Judge J.D. Miller are barred because judges are entitled to absolute immunity for actions taken in their judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Sibley v. U.S. Supreme Court, 2005 WL 1366438 (11th Cir. June 10, 2005).

Similarly, Plaintiff's claims against Stephen Russell, the State Attorney, are barred. "Prosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976), Jones v. Cannon,

-6-

174 F.3d 1271, 1281 (11th Cir.1999), Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir.1984)); see also Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273, (1993)).

**B.**

With respect to Plaintiff's claims concerning any alleged unconstitutional deprivations by correctional officers during Plaintiff's detainment, Plaintiff's Complaint is fatally flawed. To the extent Plaintiff attributes liability to Defendants Captain Freeman, Lieutenant McGowan, and Sheriff Hunter based upon their failure to investigate Plaintiff's claims that he was being illegally confined, Plaintiff has no substantive due process right to an investigation of a constitutional claim by the sheriff's office. Vinyard v. Wilson, 311 F.3d 1340 (11th Cir. 2002). Nor, can Plaintiff demonstrate a procedural due process claim since Plaintiff does not identify a state or federal law that entitles him to an internal investigation. Id.

Additionally, Defendant Hunter's position as Sheriff, without more, does not subject him to liability since "supervisory officials are not liable under §1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Smith ex rel. Smith v. Siegelman, 322 F.3d 1290 (11th Cir. 2003).

Consequently, the Court, concludes that no relief could be granted against any of these Defendants under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint. <u>Lewis v. City of St. Petersburg</u>, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984)). Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. §1915A(b)(1).

ACCORDINGLY, it is now

**ORDERED**:

1.   Plaintiff's Complaint is **DISMISSED**, WITHOUT PREJUDICE, for failure to state a claim upon which the Court can grant relief.

2.   The **Clerk of Court** shall terminate all pending motions in this case, shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __18th__ day of July, 2005.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies to: Plaintiff